IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NORTHPOINT COMMERCIAL FINANCE LLC, <br><br> Plaintiff, <br><br> v. <br><br> TIME OUT COMMUNITIES, LLC, et al., <br><br> Defendants. | CIVIL ACTION FILE <br> NO. 1:23-CV-4147-TWT |

### OPINION AND ORDER

This is an action to recover on a note. It is before the Court on the Defendants Neil Carmichael Bender, II, Time Out MHP, LLC, Cape Fear MHC, LLC, Green Pines MHC, LLC, Pine Log MHC, LLC, Pinewood MHC, LLC, Taylor's Bridge MHC, LLC, and White Sands MHC, LLC's ("Moving Defendants") Motion for Reconsideration [Doc. 84]. For the reasons set forth below, the Moving Defendants' Motion for Reconsideration [Doc. 84] is DENIED. This action is additionally before the Court on the Plaintiff Northpoint Commercial Finance LLC's Motion to Voluntarily Dismiss without Prejudice [Doc. 99], which is GRANTED.

### I. Background

This action arises from a finance deal between the Plaintiff Northpoint Commercial Finance LLC and Defendants Time Out Communities, LLC ("Time Out") and Toppos LLC. (Pl.'s Statement of Material Facts ¶¶ 3-4). On

December 30, 2024, the Court granted in part and denied in part the Plaintiff Northpoint Commercial Finance LLC's Motion for Partial Summary Judgment. (Op. and Ord. dated Dec. 30, 2024, [Doc. 80]). In that Order, the Court found Defendants Time Out Communities, LLC, Neil Carmichael Bender, II, and several other LLC Defendants[1] jointly and severally liable to the Plaintiff on Counts One, Four, and Five in the amount of $19,754,843.20, plus unpaid and accruing interest at the per diem rate of $8,274.50 from May 15, 2024, through the date of entry of judgment. (*Id.* at 15-16 & n.5). The Court denied the Plaintiff's request for entry of a Rule 54(b) judgment, and Counts Two, Three, Six, Seven, and Eight of the Plaintiff's Complaint remained pending after entry of partial summary judgment. (*Id.* at 14-15).

On January 27, 2025, the Moving Defendants moved for reconsideration of the Court's Order granting the Plaintiff's Motion for Partial Summary Judgment, arguing that the damages award was inaccurate based on the

---

[1] Abbot Park MHC, LLC, Alamac Village MHP LLC, Cadillac Ranch MHC LLC, Brittany Court MHP LLC, Bullock MHP LLC, Cedarbrook Estates MHP LLC, Central Park 2 MHP LLC, Central Park 3 MHP LLC, City View MHC LLC, Eaglewood MHP LLC, Littlefield Village MHP LLC, Maple Creek MHP LLC, Countryside MHC LLC, Eastview MHC LLC, Pine Run Park MHP LLC, Scottsdale MHP LLC, Taylor Park MHC LLC, Waynesville Plantation MHP LLC, West Estates MHC LLC, Wysteria Village MHC LLC, Patch Place MHC LLC, Dogwood MHC LLC, Laiken Estates MHC, LLC, Schoolview MHC, LLC, Turner Park MHC, LLC, Victoria Estate MHC, LLC, Ridgefield MHC LLC, Pleasant Hope MHC LLC, Time Out MHP, LLC, Cape Fear MHC LLC, Green Pines MHC LLC, Pine Log MHC LLC, Pinewood MHC LLC, Taylors Bridge MHC LLC, and White Sands MHC LLC.

Plaintiff's filings made between July 2024 and November 2024 in the related bankruptcy action. (*See* Moving Defs.' Mot. for Recon., at 8-9). The Plaintiff opposes the Motion, arguing that the Court has already rejected the Moving Defendants' arguments and that they have failed to either present any new evidence or demonstrate a manifest error of law or fact. (Pl.'s Resp. in Opp. to Moving Defs.' Mot. for Recon., at 6-10). However, the Plaintiff consents to the entry of a revised order reducing the total amount of the judgment by the recoveries it has since received towards the balance owed. (*Id.* at 10-12).

## II. Legal Standards

"The decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985). Although the Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration, they are common in practice. Local Rule 7.2 states that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary." LR 7.2(E), NDGa. In particular, a party may move for reconsideration when there is (1) newly discovered evidence, (2) an intervening change in controlling law, or (3) the need to correct clear error or prevent manifest injustice. *See Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (11th Cir. 2010). A manifest error of law is "the wholesale

3

disregard, misapplication, or failure to recognize controlling precedent." *Durden v. State Farm Fire & Cas. Co.*, 2017 WL 3723118, at *6 (N.D. Ga. Aug. 29, 2017) (citation omitted). By contrast, a motion for reconsideration is not a "vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." *Brogdon ex rel. Cline v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000).

### III. Discussion

#### A. Moving Defendants' Motion for Reconsideration

The Moving Defendants have not demonstrated that reconsideration is warranted in this case. The Moving Defendants raised a version of the same argument they present here in their response to the Plaintiff's Motion for Partial Summary Judgment, arguing that the damages at issue were not capable of exact computation in part because of payments the Plaintiff had received towards the balance owed as a result of the ongoing bankruptcy proceedings. (*See* Defs.' Resp. in Opp. to Mot. for Partial Summ. J., at 9); *Brogdon ex rel. Cline*, 103 F. Supp. 2d at 1338. Although the exact payments and figures in dispute has likely changed since the Court's entry of its Order granting partial summary judgment, that will remain true so long as the bankruptcy proceedings continue and is not a ground for reconsideration. As the Plaintiff points out, the fact that the principal amount owing, and therefore

4

the damages owing, will continue to be reduced does not mean that the Court's entry of a judgment on damages was a manifest error of law or fact. Instead, the Plaintiff is obligated to credit the payments and proceeds it receives against the balance owed, and the Moving Defendants have not argued that the Plaintiff has failed to do so.

Additionally, the evidence presented by the Moving Defendants in support of its argument that the Court should reconsider the damages portion of its Order is not "newly discovered." The Moving Defendants themselves note that the Court entered the Order on December 30, 2024, but the latest date of the evidence they present is November 25, 2024. (Moving Def.'s Mot. for Recon., Ex. C [Doc. 84-4]). Evidence is not newly discovered unless it could not have been presented "prior to the entry of judgment." *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012). The Moving Defendants provide no explanation for why they could not have presented the proofs of claim from the bankruptcy action prior to the Court's entry of its Order beyond stating that the evidence became available "after the close of briefing." (Moving Def.'s Mot. for Recon., at 10-11). For these reasons, the Moving Defendants have failed to persuade the Court that either newly discovered evidence or a manifest error of law or fact requires reconsideration of the Court's Order on the Motion for Partial Summary Judgment. *See Del. Valley Floral Grp., Inc.*, 597 F.3d at 1383. Accordingly, their Motion for Reconsideration [Doc. 84] will be denied.

The Court notes that, in its response in opposition, the Plaintiff consents to a reduction in the damages awarded in the Order on the Motion for Partial Summary Judgment that takes into consideration recoveries it has received through the bankruptcy proceedings since the date the Order was entered. (Pl.'s Resp. in Opp. to Mot. for Recon., at 10-12). The Moving Defendants have not objected to the Plaintiff's reduced damages calculation. Therefore, the Court will reduce the damages awarded from its Order on the Motion for Partial Summary Judgment and direct the Clerk to enter judgment as directed in the Order on the Motion for Partial Summary Judgment in the updated amount of $19,851,048.00, plus unpaid and accruing interest at the per diem rate of $6,550.40 from February 1, 2025, until the entry of judgment. The Plaintiff additionally waives all claims for attorney's fees and expenses against the non-bankrupt defendants.

### B. Plaintiff's Motion to Voluntarily Dismiss without Prejudice

The Plaintiff has moved to voluntarily dismiss without prejudice its remaining claims (Counts Two, Three, Six, Seven, and Eight) against the Remaining Defendants under Fed. R. Civ. P. 41(a)(2). [Doc. 99 at 1-2 (listing the Remaining Defendants)]. In the Court's order denying the Plaintiff's first attempt at a voluntary motion to dismiss, it noted that Rule 41(a)(2) cannot be used to dismiss individual claims and instead must be used to dismiss an entire action as to any one defendant. *See, e.g.*, *Rosell v. VMSB*, LLC, 67 F.4th 1141,

1143 (11th Cir. 2023) ("Any attempt to use this rule to dismiss a single claim, or anything less than the entire action, will be invalid."). That motion did not seek to resolve Counts Two and Three, and therefore did not seek to dismiss the entire action as to the Remaining Defendants.

The present Motion resolves these deficiencies. Dismissing Counts Two, Three, Six, Seven, and Eight will resolve all remaining claims against the Remaining Defendants; in other words, it will dismiss the entirety of the remaining action against these Defendants. Therefore, the Court will grant the Plaintiff's Motion to Voluntarily Dismiss without Prejudice [Doc. 99], dismissing these Counts with the Remaining Defendants to bear their own costs and attorney's fees.

## IV. Conclusion

The Defendants Neil Carmichael Bender, II, Time Out MHP, LLC, Cape Fear MHC, LLC, Green Pine MHC, LLC, Pine Log MHC, LLC, Pinewood MHC, LLC, Taylor's Bridge MHC, LLC, and White Sands MHC, LLC's ("Moving Defendants") Motion for Reconsideration [Doc. 84] is DENIED. The Plaintiff's Motion to Voluntarily Dismiss without Prejudice [Doc. 99] is GRANTED. Counts Two, Three, Six, Seven, and Eight are DISMISSED without prejudice as to Defendants Neil Carmichael Bender, II, Time Out Communities, LLC, and the Remaining Defendants.[2]

---

[2] Abbot Park MHC LLC, Alamac Village MHP LLC, Cadillac Ranch

The Court having previously entered partial summary judgment on Count One as to Defendant Time Out Communities, LLC, Count Four in its entirety, and Count Five as to all of the Defendants identified in that Count with the exception of: Top Park Services, LLC, Prairie Knolls MHP, LLC, Time Out Properties, LLC, Grand Valley MHP, LLC, and Rolling Acres MHC, LLC., all claims in the Plaintiff's Complaint are now resolved. Therefore, the Clerk is DIRECTED to enter judgment (1) in favor of the Plaintiff and against Defendants Time Out Communities, LLC, Bender, and the Remaining Defendants jointly and severally in the amount of $19,851,048.00, plus unpaid and accruing interest at the per diem rate of $6,550.40 from February 1, 2025 through the date of entry of judgment, and (2) dismissing Counts Two, Three, Six, Seven, and Eight without prejudice. The Clerk is further DIRECTED to close the case.

SO ORDERED, this ___28th___ day of March, 2025.

---

MHC LLC, Brittany Court MHP LLC, Bullock MHP LLC, Cedarbrook Estates MHP LLC, Central Park 2 MHP LLC, Central Park 3 MHP LLC, City View MHC LLC, Eaglewood MHP LLC, Littlefield Village MHP LLC, Maple Creek MHP LLC, Countryside MHC LLC, Eastview MHC LLC, Pine Run Park MHP LLC, Scottsdale MHP LLC, Taylor Park MHC LLC, Waynesville Plantation MHP LLC, West Estates MHC LLC, Wysteria Village MHC LLC, Patch Place MHC LLC, Dogwood MHC, LLC, Laiken Estates MHC, LLC, Schoolview MHC, LLC, Turner Park MHC, LLC, Victoria Estates MHC, LLC, Ridgefield MHC LLC, Pleasant Hope MHC LLC, Time Out MHP, LLC, Cape Fear MHC LLC, Green Pines MHC LLC, Pine Log MHC LLC, Pinewood MHC LLC, White Sands MHC LLC, and Taylor's Bridge MHC LLC.

*/s/ Thomas W. Thrash*
THOMAS W. THRASH, JR.
United States District Judge